# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN JOSE AMARRA-HERRARTE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>　　　　　　　　　　Defendant. | CASE NO. 06cv2714 BTM (NLS)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR:**<br><br>**(1) FAILURE TO PREPAY $350 CIVIL FILING FEE OR MOVE TO PROCEED *IN FORMA PAUPERIS***<br><br>**and**<br><br>**(2) FAILURE TO STATE A CLAIM** |

Plaintiff, currently detained at the Federal Correctional Institution at Greenville, IL, and proceeding pro se, has filed a complaint which he has captioned as a civil rights action under 42 U.S.C. § 1983.

**I.     Failure to Pay Filing Fee or Request IFP Status**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence this action,

nor has he submitted a Motion to Proceed IFP.  Therefore, this action is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

Plaintiff is cautioned that if he chooses to proceed with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be subject to the mandatory screening and sua sponte dismissal provisions of 28 U.S.C. § 1915A(b) and  28 U.S.C. § 1915(e)(2)(b).  Moreover, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  See 28 U.S.C. § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

## II.    Failure to State a Claim

In addition, a review of Plaintiff's complaint reveals that it is wholly unintelligible.  Fed. R. Civ. P. 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Court is unable to discern the nature of Plaintiff's claim, who the complaint is addressed to, or any grounds upon which this Court could grant relief.

## III.    Conclusion and Order

For the reasons set forth above, the Court hereby:

(1)    **DISMISSES** this action sua sponte without prejudice for: (a) failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and (b) failing to properly plead pursuant to Fed. R. Civ. P. 8(a); and

(2)    **GRANTS** Plaintiff **thirty (30)** days leave from the date this Order is stamped "Filed" to:  (a) file an amended complaint which properly states his claim for relief; *and* (b) prepay the entire $350 civil filing fee in full *or* complete and file a Motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).

1     **IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the attached Motion to Proceed IFP within that time, this action shall be finally dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: December 21, 2006

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge